## WILLIAM BROWN ET AL. v. NATHAN DAWS ET AL.

It is irregular to file a declaration before the return day of the summons, and a judgment entered in vacation for such declaration will be set aside.

Argued before Justices NEVIUS and ELMER.

The summons in this case was made returnable July 27th, last. The declaration was filed on the 20th of July, and on the 21st, a notice was served on one of the defendants to plead in

thirty days, in conformity with the first section of the supplement to the practice act, approved March 17th, 1852. The declaration had annexed thereto a schedule and affidavit, pursuant to the third section of said supplement, which affidavit was made July 17th. An affidavit of the service of the notice to plead having been filed, judgment for the amount claimed in the schedule was entered September 3d, and execution issued.

Application was now made on behalf of defendants to open the judgment and allow them to plead.

ELMER, J. The whole proceeding is erroneous, and the judgment must be set aside, as irregularly entered. A declaration cannot be filed before the return day of the writ (1 *Arch. Pr.* 105), and even if the court might treat the declaration in this case as duly on file on the return day, which in proceedings under the recent act I am not willing to admit, certainly a notice to plead cannot be served until after the declaration is duly on file. It is highly important that a strict adherence to the statutes and the rules of practice be required in proceedings which are to justify a judgment in vacation and upon a very short notice.

NEVIUS, J., concurred.

Judgment set aside.